UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LUCIA ZAMORANO, M.D.,**

                **Plaintiff(s),**         **CASE NUMBER: 07-12943**
                                              **HONORABLE VICTORIA A. ROBERTS**

v.

**WAYNE STATE UNIVERSITY,**
a Michigan Educational Institution,
by the Wayne State University Board
of Governors, its statutory governing body;
**MURALI GUTHIKONDA, M.D.; LOUIS LESSEM;**
**JOHN OLIVER; CAROLYN HAFNER;**
**CHRISTINA RADCLIFFE; ROBERT FRANK;**
**MICHAEL HERBERT; and**
**UNIVERSITY NEUROLOGICAL SURGEONS,**

                **Defendant(s).**
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on the motion of Wayne State University ("WSU"), Murali Guthikonda, M.D., Louis Lessem, John Oliver, Carolyn Hafner, Christina Radcliffe, Robert Frank, and Michael Herbert (collectively "Defendants") to compel production of subpoenaed documents by Susan Swider. (Doc. #37).

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

**II.    BACKGROUND**

Plaintiff was a faculty member in the Department of Neurosurgery at WSU. She was discharged in February 2005 after WSU discovered unauthorized charges on her WSU procurement card.

1

At a post-termination arbitration hearing, Plaintiff stated Ms. Swider, her domestic partner, charged repairs to a BMW on the card. Ms. Swider testified and admitted she used the card at Williams Sonoma, to purchase a duffle bag, and for service repairs to a BMW. However, Ms. Swider testified she was unaware Plaintiff was only authorized to use the card for a specific purpose.

Plaintiff's counsel said he would accept service of the subpoena for Ms. Swider. On September 25, 2007, Defendants sent a subpoena with 13 requests for documents. The production date was October 25, 2007. While it is unclear when Ms. Swider received the subpoena, she retained counsel when she got it. On October 24, 2007, Ms. Swider's counsel filed objections and stated she would not respond because: (1) the information requested was privileged and inappropriate; (2) Ms. Swider was not a party to the litigation; (3) Defendants already had the requested information or the information could be obtained from Plaintiff; and (4) the subpoena was only sent to harass and intimidate Ms. Swider.

On November 14, 2007, Defendants' counsel sent Ms. Swider's counsel a letter that explained why the documents are relevant and requested production within 14 days. Ms. Swider's counsel did not respond. On December 10, 2007, Defendants' counsel sent another letter requesting a conference to discuss the subpoena. There was no response.

In February 2008, Defendants and Ms. Swider reached an agreement on most of the requests; Ms. Swider still objects to four.

### III. ARGUMENTS AND ANALYSIS

#### A. Timely Objections

Defendants say Ms. Swider's objections are waived because the subpoena was served on September 25, 2007 and she did not object until October 24, 2007.

"The failure to serve written objections to a subpoena within the time specified by [Fed. R. Civ. P.] 45 [fourteen days after service] typically constitutes a waiver of such objections." *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) and *Angell v. Shawmut Bank Connecticut Nat'l Assoc.*, 153 F.R.D. 585, 590 (M.D.N.C. 1994)). But, the Court can consider untimely objections in unusual circumstances and when good cause exists. *See Am. Elect. Power Co.*, 191 F.R.D. at 136 (citations omitted). Unusual circumstances exist where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness's compliance prior to the time the witness challenged the legal basis for the subpoena. *Id.* at 136-37.

Ms. Swider says her objections were not waived because she is a non-party, was not personally served, and made a good-faith attempt to timely object. Defendants say Ms. Swider's refusal to engage in a conference regarding the subpoena negates her argument that she acted in good faith. The Court agrees with Ms. Swider.

Federal Rules of Civil Procedure require Defendants to deliver the subpoena to Ms. Swider. *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a

copy *to the named person*[.]") (emphasis added); *see also Ghandi v. Police Dep't of City of Detroit*, 74 F.R.D. 115, 120 (E.D. Mich. 1977) ("Where the witness named in the subpoena is a natural person, the subpoena must be personally served upon that individual."). Defendants did not comply with this rule; they delivered the subpoena to Plaintiff's counsel. Plaintiff's counsel mailed the subpoena to Plaintiff along with some other documents (Ms. Swider and Plaintiff live together). It is unknown exactly when Ms. Swider received the subpoena. However, her attorney prepared objections before the time specified for compliance.

Ms. Swider is a non-party to the litigation who made a good-faith attempt to timely object. She did not waive her objections; unusual circumstances exist.

**B. Specific Requests**

The Court considers Ms. Swider's objections to request numbers 3, 5, 12, and 13:

 1. **Request No. 3: A copy of the vehicle registration for each and every vehicle owned by you in the past ten years, either individual or jointly with others.**

 2. **Request No. 5: A voided check from each and every checking account you have had in the past ten years (whether individually or jointly with others).**

Defendants say this information will assist in determining if Plaintiff's domestic relationship with Ms. Swider was a private and secret matter Plaintiff shielded from the public as alleged in her Complaint. Defendants discovered Plaintiff had a driver's license issued in the name of Lucia Josefina-Swider Zamorano in 2002; they want to

4

know if other evidence undermines Plaintiff's claim.  Defendants say they were willing to narrow the requests to checking accounts and registrations for vehicles owned jointly by Plaintiff and Ms. Swider; Ms. Swider still refused to produce the documents.

Ms. Swider objects.  She says: (1) the vehicles she owned during the last 10 years are irrelevant; (2) a request for registrations for vehicles and checking accounts she owned jointly with Plaintiff should be directed to Plaintiff; and (3) the requests are overbroad because the alleged unauthorized procurement card charges happened between 2003 and 2005 (not during the last 10 years).

Defendants say when they sought this information from Plaintiff, she only had copies of her current vehicle registration and her response to the checking account request was incomplete.

The information sought is relevant, and the Court accepts Defendants' offer to narrow their requests.  Indeed, the information could undermine Plaintiff's assertion that the domestic relationship she had with Ms. Swider was a private and secret matter.  Ms. Swider must produce vehicle registrations for all vehicles she owned jointly with Plaintiff and voided checks from all checking accounts she owned jointly with Plaintiff during the past 10 years.  Ten years is an acceptable time frame since Plaintiff and Ms. Swider maintained a domestic relationship for 13 years.

Defendants must not use these documents to obtain any financial information about Ms. Swider; the information can only be used to undermine Plaintiff's "Invasion of Privacy - Intrusion on Seclusion" claim.

### 3. Request No. 12: Please provide your social security number.

Defendants want to use the social security number to obtain Ms. Swider's credit report, which will be used to determine whether Plaintiff should have known Ms. Swider might misuse the procurement card based on her past credit history. Defendants argue that if Ms. Swider's credit history reveals poor credit, a history of fraudulent purchases, or spendthrift tendencies, they can rebut Plaintiff's testimony that she had no idea Ms. Swider was using the procurement card to make unauthorized purchases. Defendants note they suggested that Ms. Swider produce her social security number subject to Protective Order, but she would not agree.

Ms. Swider objects and says she did not put her financial background in issue, and Defendants have not articulated a sufficient basis to require her social security number.

While the Court will not require Ms. Swider to give Defendants her social security number, Defendants have shown Ms. Swider's credit report is relevant. *See* Fed. R. Civ. P. 26(b)(1) ("*For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action*") (emphasis in original). Ms. Swider must produce a copy of her credit report -- without her social security number -- to defense counsel.

### 4. Request No. 13: For each credit card you have had in your name in the past ten years (either individual or jointly with others), please provide the name and address of the credit card company, the account number(s), and the names on the account.

Defendants would like to determine whether Ms. Swider had other credit cards available when she made unauthorized charges on Plaintiff's procurement card, and whether any of the other credit cards were at their spending limit. Defendants wonder why Ms. Swider would use Plaintiff's procurement card without Plaintiff's permission if she had other credit cards available.

Ms. Swider objects. She says: (1) Defendants do not provide a sufficient basis for requesting information about credit cards she personally owned; (2) the request is overbroad because it asks for all credit cards she held during the last 10 years, but the scope of the litigation spans from 2003-2005; (3) it creates an undue burden; and (4) a request for credit cards held jointly with Plaintiff should be directed to Plaintiff.

Ms. Swider need not produce this information. She testified at the post-termination arbitration hearing that she had credit cards in her name, but she and Plaintiff used the other's credit cards on a regular basis. In addition, Ms. Swider is a non-party to the litigation; why she used the procurement card without Plaintiff's permission is irrelevant.

Although the requested information will likely be on Ms. Swider's credit report, Defendants may only use the credit report to undermine Plaintiff's testimony that she did not know Ms. Swider was using the procurement card to make unauthorized purchases.

**C. Sanctions**

Under Fed. R. Civ. P. 45(c)(1):

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty

and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Ms. Swider says Defendants imposed an undue burden on her by seeking information that was overbroad, personal and private financial information irrelevant to the litigation, and information easily available from Plaintiff. Defendants say Ms. Swider is not entitled to sanctions because she did not cooperate. According to Defendants, they are entitled to sanctions because they had to file a motion to compel.

The Court declines to award sanctions to either party. Defendants' subpoena did not impose an undue burden or expense on Ms. Swider; she could easily obtain the requested documents at little to no cost. On the other hand, Ms. Swider had a good-faith basis to refuse to respond to the subpoena.

## IV. CONCLUSION

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. The Court orders Ms. Swider to produce within 14 days: (1) registrations for vehicles jointly owned with Plaintiff during the past 10 years; (2) voided checks from checking accounts jointly owned with Plaintiff during the past 10 years; and (3) her credit report (with social security number redacted). Ms. Swider is not required to produce her social security number or personal credit card information.

The Court **DENIES** all requests for sanctions.

**IT IS ORDERED**.

            s/Victoria A. Roberts
            Victoria A. Roberts
            United States District Judge

Dated: March 3, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 3, 2008.

s/Linda Vertriest
Deputy Clerk