UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCIA ZAMORANO, M.D.,

        Plaintiff(s),        CASE NUMBER: 07-12943
                                     HONORABLE VICTORIA A. ROBERTS

v.

MURALI GUTHIKONDA, M.D.,

        Defendant(s).
_____/

ORDER DENYING DEFENDANT'S
MOTION IN LIMINE

This matter is before the Court on Dr. Murali Guthikonda's "*Motion in Limine* for Ruling that Plaintiff is Not Entitled to a Jury Trial Regarding Her Breach of Fiduciary Duty Claim." (Doc. #123). Dr. Guthikonda primarily relies on state law, including *Forsberg v. Forsberg Flowers, Inc.*, 2006 WL 3500897 (Mich.App. Dec. 5, 2006), to support his argument that Dr. Lucia Zamorano is not entitled to a jury trial on her claim under MCLA §450.1489(1) for breach of fiduciary duty. In *Forsberg*, the appellate court affirmed the denial of plaintiff's request for a jury trial on his claim under §450.1489 for five reasons:

(1)    the unambiguous language in §450.1489 does not provide for a right to a jury trial;

(2)    five of the six enumerated remedies are equitable in nature;

(3)    §450.1489 contemplates that the circuit court fashion an order or grant relief it deems appropriate;

(4)    although the inclusion of a potential award of damages could be deemed legal in nature, and thus within the province of a jury, such conclusion is not consistent

1

>   with the history of the statute; and
>
> (5)   a jury trial for a claim brought under §450.1489 is not required by the Michigan Constitution because §450.1489 would have been denominated as equitable in nature when the Constitution was adopted.

*Forsberg*, 2006 WL 3500897 at *4-6.

The Court questions the wisdom behind the unpublished opinion, but, more importantly, the Court finds that federal law and not state law, controls the outcome here. *See Simmler v. Conner*, 372 U.S. 221, 222 (1963) ("the right to a jury trial in the federal courts is to be determined as a matter of federal [law] in diversity as well as other actions"). Dr. Guthikonda incorrectly relies on state law for the proposition that Dr. Zamorano is not entitled to a jury trial.

Federal law favors jury trials: "Maintenance of the jury, as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959); *see also Simmler*, 372 U.S. at 222 ("[t]he federal policy favoring jury trials is of historic and continuing strength") (citations omitted).

Finally, Dr. Zamorano is entitled to a jury trial under federal law because she requests compensatory and exemplary damages, a form of relief that is legal as opposed to equitable in nature. *See* U.S. Const. amend VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]"). In *Hildebrand v. Bd. of Trustees of Michigan State Univ.*, 607 F.2d 705 (6th Cir. 1979), the Sixth Circuit held:

>   [T]he chief focus to be made when determining whether a jury trial right

exists is the nature of the relief sought.  If the remedy sought is injunctive relief . . ., no jury trial right attaches.  In the ordinary case, if the relief sought includes compensatory and/or punitive damages, then there does exist a right to trial by jury.

*Hildebrand*, 607 F.2d at 708.  The fact that §450.1489(1) creates several equitable remedies and only one legal remedy does not change the Court's holding.  *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470 (1962) (rejecting the argument "that the right to trial by jury may be lost as to legal issues where those issues are characterized as 'incidental' to equitable issues - . . . our previous decisions make it plain that no such rule may be applied in the federal courts").

Because the Court will honor Dr. Zamorano's request for trial by jury, the parties are directed to examine §7:2 of Michigan Nonstandard Jury Instructions Civil entitled "Corporation liability – Illegal, fraudulent, and willfully unfair and oppressive conduct," and decide whether it should be included in their proposed instructions to the jury.

**IT IS ORDERED**.

 /s/ Victoria A.
Victoria A. Roberts
United States District Judge

Dated:  March 27, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 27, 2009.

s/Linda Vertriest
Deputy Clerk

3