UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCIA ZAMORANO, M.D.,

        Plaintiff(s),        CASE NUMBER: 07-12943
                                        HONORABLE VICTORIA A. ROBERTS

v.

MURALI GUTHIKONDA, M.D.,

        Defendant(s).
_____/

ORDER DENYING PLAINTIFF'S
MOTION IN LIMINE

**I.  INTRODUCTION**

This matter is before the Court on Dr. Lucia Zamorano's "Motion in Limine to Preclude Testimony About the Circumstances Behind Plaintiff's Termination from Wayne State University."  (Doc. #128).  Dr. Zamorano asks the Court to exclude from trial, evidence purportedly explaining why Wayne State University ("WSU") terminated her from her faculty position (misuse of procurement card).

Oral argument was heard on May 11, 2009.

Dr. Zamorano's motion is **DENIED**.

**II.  ARGUMENTS AND ANALYSIS**

    **A.  Economic and Non-Economic Damages**

In Michigan, a breach of fiduciary duty claim is treated as a common-law tort. *Miller v. Magline, Inc.*, 76 Mich.App. 284, 313 (1977).  Accordingly, to succeed on her claim, Dr. Zamorano must establish four elements: (1) Dr. Murali Guthikonda owed her

a duty; (2) he breached that duty; (3) she suffered damages; and (4) the damages were caused by Dr. Guthikonda's breach. *See Schuster v. Sallay*, 181 Mich.App. 558, 562 (1989) (stating the elements for a negligence claim).

Dr. Zamorano seems to argue that the evidence concerning the reasons why WSU terminated her employment are irrelevant on her claim for damages for two reasons: (1) she is only entitled to economic damages from June 20, 2005 through February 7, 2009, the date on which her voluntary academic status at WSU ended; and (2) her non-economic damages are from June 20, 2005 forward.

In the alternative, Dr. Zamorano says that if such evidence is admissible, she will present evidence concerning why she (and eventually the Arbitrator) found those reasons insufficient. Dr. Zamorano believes this will lead to jury confusion about: (1) what case it is evaluating; and (2) whether the success of her case is dependent upon proving the invalidity of WSU's decision, or, whether the success of Dr. Guthikonda's defense is predicated upon showing that WSU's decision was correct. Further, Dr. Zamorano says the evidence should be excluded because it is unfairly prejudicial and only meant to tarnish her character in front of the jury.

In his Response, Dr. Guthikonda says that Dr. Zamorano's termination from WSU led to front page press coverage; a police visit to Dr. Zamorano's home; the threat of criminal prosecution; and, the labeling of Dr. Zamorano as a liar and fraud among her peers. Dr. Guthikonda also says Dr. Zamorano's relationship with WSU was not resolved until an Arbitrator rendered a decision two years after her employment at WSU was terminated.

Dr. Guthikonda wants to argue these events caused or contributed to any

emotional suffering Dr. Zamorano experienced – not an alleged breach of duty on his part by failing to give Dr. Zamorano notice of a meeting.

The Court agrees with Dr. Guthikonda. A reasonable jury could conclude that Dr. Zamorano's emotional distress damages began as early as her suspension from WSU, enhanced when she was fired by WSU on February 7, 2005, and enhanced more when UNS terminated her employment.

Dr. Guthikonda will be allowed to make this argument and cross-examine Dr. Zamorano about the circumstances behind her termination from WSU. The Court finds this evidence to be more probative than prejudicial on the issue of the damages. *See* Fed. R. Evid. 403. Other rules of evidence may come into play during the course of trial, but none was raised in the motion in limine or during oral argument.

The Court agrees with Dr. Zamorano that the date of the Arbitrator's decision is important to establish the cut-off date for her economic damages. That date is also important to Dr. Guthikonda's argument that it took two years before Dr. Zamorano's relationship with WSU was resolved.

The parties will stipulate to the date of the Arbitrator's decision and the fact that Dr. Zamorano received voluntary academic status at WSU for two years from that date.

The Arbitrator's decision itself is inadmissible; the issues resolved by the Arbitrator are irrelevant to the issues the jury must resolve at trial.

**B.    Unclean Hands**

Dr. Zamorano seeks compensatory and exemplary damages for Dr. Guthikonda's alleged breach of fiduciary duty, relief that is legal as opposed to equitable in nature. *See* Order dated March 27, 2009. Accordingly, Dr. Guthikonda may not use

the "unclean hands" doctrine as a defense to show Dr. Zamorano is seeking to profit from her own wrongdoing. *See Stachnik v. Winkel*, 394 Mich. 375, 382 (1975) ("The clean hands maxim is an integral part of any action in equity").

However, even though he may not proceed under the "unclean hands" doctrine, Dr. Guthikonda may argue that Dr. Zamorano contributed to her own injury and failed to mitigate her damages.

### III. CONCLUSION

Dr. Zamorano's motion is **DENIED**. Evidence surrounding Dr. Zamorano's termination from her faculty position at WSU due to the misuse of a procurement card is admissible on the issues of damages during cross-examination of Dr. Zamorano.

If necessary, the Court may determine during trial whether Dr. Guthikonda may introduce the details of Dr. Zamorano's fraudulent procurement card charges.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 29, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 29, 2009.
>
> s/Linda Vertriest
> Deputy Clerk

4