UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LUCIA ZAMORANO, M.D.,**

        **Plaintiff(s),**        **CASE NUMBER: 07-12943**
                                                    **HONORABLE VICTORIA A. ROBERTS**

**v.**

**MURALI GUTHIKONDA, M.D.,**

        **Defendant(s).**
_____/

### ORDER DENYING PLAINTIFF'S
### MOTION FOR A NEW TRIAL

This matter is before the Court on Dr. Zamorano's "Motion for New Trial Under Rule 59." (Doc. 143). Dr. Zamorano says the jury's verdict – that Dr. Guthikonda breached his fiduciary duty when he failed to notify her of the June 10, 2005 meeting, but that she did not suffer damages as a result of Dr. Guthikonda's breach – is unreasonable and against the clear weight of the evidence.

The essence of Dr. Zamorano's argument is that the jury's finding of a breach of fiduciary duty mandates that the meeting (and, therefore, her termination from UNS) was void *ab initio*, and no reasonable jury could conclude that her unlawful termination did not result in damages. Dr. Zamorano relies on *Bourne v. Sanford*, 327 Mich. 175, 188 (1950) (a petition for dissolution of a corporation was fatally defective because no directors' meeting was called for the express purpose of filing such a petition) and *Darvin v. Belmont Indus., Inc.*, 40 Mich.App. 672, 684-85 (1972) (plaintiff lacked proper notice of the shareholders' meeting, therefore, the corporations' actions at the

1

shareholders' meeting are invalid).

Dr. Zamorano asks the Court for a new trial on the issue of damages only.

Under Fed. R. Civ. P. 59(a)(1)(A), "The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court"; *see also Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820-21 (6th Cir. 2000):

> A court may set aside a verdict and grant a new trial when it "is of the opinion that the verdict is against the clear weight of the evidence"; however, new trials are not to be granted on the grounds that the verdict was against the weight of the evidence "unless that verdict was unreasonable. Thus, if a reasonable juror could reach the challenged verdict, a new trial is improper. "[C]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

To succeed on the damages portion of her claim, Dr. Zamorano had to establish: (1) she suffered damages; and (2) the damages were caused by Dr. Guthikonda's breach. *See Schuster v. Sallay*, 181 Mich.App. 558, 562 (1989); *see also* Jury Instruction number 20 ("If you find that defendant breached a fiduciary duty to the plaintiff, you should then decide whether that breach proximately caused any losses claimed by the plaintiff.")

Based on the evidence presented at trial, a reasonable jury could have either concluded that Dr. Zamorano did not suffer any damages as a result of Dr. Guthikonda's failure to provide her notice of the June 10, 2005, or any damages Dr. Zamorano suffered were not caused by Dr. Guthikonda's actions.

Dr. Zamorano's motion for a new trial is **DENIED**.

**IT IS ORDERED**.

                 <u>S/Victoria A. Roberts</u>
                 Victoria A. Roberts
                 United States District Judge

Dated: July 17, 2009